UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY E. TADMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A BERRYHILL,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No.  CV 15-07795-KES<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Anthony E. Tadman appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for Social Security benefits.  For the reasons stated below, the Commissioner's decision reversed and remanded.

## I.
## BACKGROUND

**A.    First ALJ Decision and Remand by the District Court.**

In May 2009, Plaintiff filed applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") alleging a disability onset date of July 31, 2006.  AR 139-49.  An Administrative Law Judge ("ALJ") issued a decision denying benefits on January 7, 2011.  AR 23-39.

1

Plaintiff filed a complaint challenging the denial of benefits in this Court in case no. CV-12-05298-MAN. AR 757-62. On October 8, 2013, the Court reversed the ALJ's decision for failure to consider properly the opinion of Plaintiff's treating physician, Dr. Chin, regarding Plaintiff's physical limitations, as well as for failure to provide clear and convincing reasons for discounting Plaintiff's credibility. AR 767-80. The Court remanded the case to the ALJ for further proceedings.

**B.  Current ALJ Decision.**

The ALJ held a second hearing on January 22, 2015 and issued a second decision denying benefits on February 9, 2015. AR 667-88 (decision), AR 89-731 (hearing transcript).

The ALJ found that Plaintiff suffered from the following severe impairments: thoracolumbar degenerative disc disease, obesity, depressive disorder, and a history of polysubstance dependence. AR 672. However, the ALJ found that the combination of these impairments did not meet or medically equal the severity of one of the impairments in the Listing. AR 673.

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with some additional limitations. AR 680. The ALJ found Plaintiff could lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; stand and/or walk a total of 2 hours in an 8-hour workday and sit up to 6 out of 8 hours; never climb ladders, ropes, or scaffolds and only occasionally kneel, stoop, crouch and crawl; limited to simple repetitive tasks; and would likely be absent once a month as a results of his conditions. AR 674. The ALJ found Plaintiff could not perform his past relevant work as a plumber, but could perform unskilled, sedentary occupations such as machine operator, document preparer, or small parts assembler. AR 680.

Plaintiff sought review by the Appeals Council. AR 664-65. In doing so, Plaintiff asked the Appeals Council to consider an additional evaluation from Plaintiff's treating psychiatrist Dr. Karina Shulman, which was dated February 2,

2015. AR 664-65, 1242-46. The Appeals Council considered the new evidence but denied review. AR 657-62. Plaintiff then filed the present complaint in this Court.

## C. Supplemental Briefing.

The parties filed their Joint Stipulation ("JS") on January 19, 2017. (Dkt. 29.) The JS raised one issue: whether the ALJ properly considered the medical evidence as contained in the treating opinions. (Id. at 4.). On February 216, 2017, upon an initial review of the JS and relevant portions of the AR, the Court ordered the parties to submit supplemental briefing on the following issues:

1. The ALJ found that Plaintiff's residual functional capacity—which contained a limitation that Plaintiff would "likely be absent once a month as a result of his condition(s)"—allowed Plaintiff to perform the following sedentary occupations: machine operator, document preparer, and small parts assembler. See AR 674, 680. Is this finding supported by substantial evidence in light of the following testimony from the vocational expert: "With the one day of absenteeism every month if that were to be continuous I think that would eventually jeopardize employment"? See AR 724.

2. Plaintiff's treating psychiatrist Dr. Karina Shulman diagnosed him with "cannabis abuse." See AR 1246. The ALJ found that Plaintiff has been a "functioning alcoholic" for many years and ultimately concluded that Plaintiff suffered from the severe impairment of "a history of polysubstance dependence." AR 672-73, 675. Is the disability determination free of legal error, even though the ALJ did not specifically analyze whether Plaintiff's drug addiction or alcoholism "is a contributing factor material to the determination of disability"? 20 C.F.R. § 404.1535(a); see also Parra v. Astrue, 481 F.3d 742, 747-48 (9th Cir. 2007); Lizardo v. Astrue, No. ED CV 10-402 SH, 2010 WL 4220411, at *2 (C.D. Cal. Oct. 18, 2010). If there was error, was such

error prejudicial or harmful? See generally Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054-55 (9th Cir. 2006). (Dkt. 30.) The parties timely did so. (Dkt. 31, 34.)

## II.

## STANDARD OF REVIEW

### A. Substantial Evidence and Harmless Error.

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

"A decision of the ALJ will not be reversed for errors that are harmless." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Generally, an error is harmless if it either "occurred during a procedure or step the ALJ was not required to perform," or if it "was inconsequential to the ultimate nondisability determination." Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006).

### B. The Five-Step Evaluation Process.

A person is "disabled" for purposes of receiving Social Security benefits if he

4

is unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted, or is expected to last, for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992). A claimant for disability benefits bears the burden of producing evidence to demonstrate that he was disabled within the relevant time period. Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995).

The ALJ follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Lester v. Chater, 81 F.3d 821, 828 n. 5 (9th Cir. 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim must be denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of not disabled is made and the claim must be denied. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient residual functional capacity ("RFC") to perform his past work; if so, the claimant is not disabled and the claim must be denied. Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The claimant has the burden

of proving he is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets that burden, a prima facie case of disability is established. Id.

If that happens or if the claimant has no past relevant work, the Commissioner then bears the burden of establishing that the claimant is not disabled because he can perform other substantial gainful work available in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That determination comprises the fifth and final step in the sequential analysis. Id. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n. 5; Drouin, 966 F.2d at 1257.

### C.     New Materials Submitted to the Appeals Council.

District courts "do not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision, because the Appeals Council decision is a non-final agency action." Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). "When the Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner … and the district court reviews that decision for substantial evidence, based on the record as a whole." Id. at 1161-62 (citation and quotation marks omitted). "[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." Id. at 1163. In contrast, "where the Appeals Council was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence." Taylor v. Comm'r of Soc. Sec. Admin., 659 F.3d 1228, 1233 (9th Cir. 2011) (citing 20 C.F.R. § 404.970(b)).

## III.

## ISSUES PRESENTED

The JS filed by the parties presented only one issue concerning the ALJ's evaluation of the opinion of Plaintiff's treating psychiatrist. (JS at 4, 6.) The Court

asked the parties to brief two additional issues regarding the vocational aspects of the case and Plaintiff's history of polysubstance abuse. (Dkt. 30.) The Commissioner argues that the Court's request for supplemental briefing improperly "manufactured arguments" for Plaintiff. (Dkt. 31 at 3.) The Commissioner cites case law holding that, on appeal, an appellate court generally will not consider arguments not raised and briefed by the appellant. See, e.g., Indep. Towers of Washington v. Washington, 350 F.3d 925, 929 (9th Cir. 2003).

These cases are inapplicable to the present context. This Court's review of the Commissioner's decision denying benefits differs from an appellate court's review of a trial court decision in the normal civil context:

> [A]ppeals from a denial of Social Security benefits differ from ordinary civil litigation. The underlying claims process is nonadversarial. Sims v. Apfel, 530 U.S. 103, 110 (2000). Although claimants carry the burden of demonstrating that they qualify for benefits, they aren't left entirely to their own devices, and lapses of pleading or procedure can't be used to withhold benefits a claimant is otherwise clearly entitled to. See Tackett v. Apfel, 180 F.3d 1094, 1098 n.3 (9th Cir. 1999); Smolen, 80 F.3d at 1288. Likewise, at the appeals stage, the claimant must make his own arguments for remand, but that doesn't relieve the district court of its duty to make "a full review of the facts" and "an independent determination as to whether the [Commissioner's] findings are supported by substantial evidence." Stone v. Heckler, 761 F.2d 530, 532 (9th Cir. 1985). In this "beneficent" and "tolerant" context, there is no reason to treat the failure to raise an error as reason for actively ignoring it, as the Commissioner suggests. Ariz. State Dep't of Pub. Welfare v. Dep't of Health, Educ. & Welfare, 449 F.2d 456, 472 (9th Cir. 1971); Hess v. Sec'y of Health, Educ. & Welfare, 497 F.2d 837, 840 (3d Cir. 1974); see also Moran v. Astrue, 569 F.3d 108, 112 (2d

7

Cir. 2009). The scattered cases confronting this question have reached similar conclusions.

Farley v. Colvin, 2017 WL 345990, at *2 (N.D. Cal. Jan. 24, 2017) (collecting cases in n.5); see, e.g., Covarrubias v. Astrue, 2009 WL 4810176 (E.D. Cal. Dec. 8, 2009) (sua sponte considering whether the ALJ's credit analysis was erroneous due to the plaintiff's age); see also Taylor-Tillotson v. Colvin, 2014 WL 7211888, at *13 (S.D. Fla. Dec. 18, 2014) (holding that "[a] reviewing court may sua sponte address issues in social security cases" and collecting cases).

Accordingly, this Memorandum Opinion and Order will consider the following issues:

Issue One: Whether the ALJ properly considered the medical evidence from Plaintiff's treating psychiatrist, Dr. Karina Shulman. (JS at 4, 6.)

Issue Two: Whether the ALJ's finding that Plaintiff was able to perform sedentary, unskilled occupations was supported by substantial evidence in light of the ALJ's finding that Plaintiff would likely be absent once a month. (Dkt. 30 [Order requiring supplemental briefing].)

Issue Three: Whether the ALJ erred by failing to specifically analyze whether Plaintiff's drug addiction or alcoholism was a contributing factor material to the determination of disability. (Id.)

## IV.

## DISCUSSION

**A.  Issue One: Whether the ALJ properly considered the medical evidence from Plaintiff's treating psychiatrist, Dr. Karina Shulman.**

Plaintiff argues that the ALJ "has neither offered a legitimate conclusion or a reason why he rejects the opinions from Dr. Karina Shulman, from the Los Angeles County Department of Mental Health," and that the ALJ "incorrectly gave weight to the August 2009 examining opinion over the more recent February 2015 treating opinion of Dr. Shulman." (JS at 6, 10.)

### 1. The ALJ's findings.

The ALJ found that Plaintiff had depressive disorder and that this was a severe impairment. AR 672. The ALJ did not discuss Dr. Shulman's February 2015 opinion because it was not in the record before him. That opinion was submitted later to the Appeals Council. AR 664-65, 657-62. The Appeals Council considered the opinion and added it to the record, but found that it did "not provide a basis for changing the [ALJ's] decision." AR 657.

The ALJ did discuss Dr. Shulman's treatment records from the Los Angeles Department of Mental Health ("LADMH"), which dated back to the summer of 2010. AR 675-76 (ALJ's opinion); AR 560-604, 1054-78, 1170-96 (treatment records). Overall, the ALJ found that Plaintiff had sought mental health treatment only sporadically. AR 675-76. The ALJ found that his treatment with Dr. Shulman consisted of "routine visits for medication management approximately every 2-3 months, and [he] failed to show on multiple occasions, which taken together does not suggest the presence of a serious mental condition." AR 676.

### 2. It was not error for the ALJ to consider the fact that Plaintiff's treatment for his mental health conditions was sporadic.

Plaintiff argues that the ALJ erred in rejecting Dr. Shulman's opinions on the grounds that "the treatment was sporadic" because "[t]he frequency and duration which Dr. Shulman saw [Plaintiff] was more than enough to establish a treatment relationship." (JS at 8.) Plaintiff also argues that considering the sporadic nature of treatment is inappropriate in the mental health context, citing Nguyen v. Chater, 100 F.3d 1462 (9th Cir. 1996). (JS at 8-9.)

Generally, "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007). An ALJ may also considered an "unexplained or inadequately explained failure to seek treatment[.]" Ghanim v. Colvin, 763 F.3d 1154, 1163 (9th Cir. 2014). In Nguyen, the Ninth Circuit concluded that the ALJ did

9

not have specific and legitimate reasons for rejecting the opinion of a treating psychiatrist, reasoning in part:

> [I]t is common knowledge that depression is one of the most underreported illnesses in the country because those afflicted often do not recognize that their condition reflects a potentially serious mental illness. See, e.g., Warren E. Leavy, Hidden Depression, Chi. Trib., Feb. 1, 1996 at 7 (noting that nearly 17 million adult Americans suffer from depression in a given year and that two-thirds of them do not get treatment). Thus, the fact that claimant may be one of millions of people who did not seek treatment for a mental disorder until late in the day is not a substantial basis on which to conclude that Dr. Brown's assessment of claimant's condition is inaccurate. As the Sixth Circuit has noted in finding invalid an ALJ's reasons for rejecting claimant's assertions about his depression, "[a]ppellant may have failed to seek psychiatric treatment for his mental condition, but it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." Blankenship v. Bowen, 874 F.2d 1116, 1124 (6th Cir.1989).

Nguyen, 100 F.3d at 1465.

However, "Nguyen does not set forth a bright-line rule that failure to receive treatment for a mental impairment can never provide a legitimate reason for rejecting the opinions of an examining or treating physician." Fillmore v. Astrue, 2012 WL 298341, at *22 (N.D. Cal. Feb. 1, 2012). "Indeed, several district courts have distinguished Nguyen where the medical record showed that a claimant had received a diagnosis or some limited treatment for a mental impairment but failed to follow up on treatment recommendations." Id. (collecting cases); see, e.g., Ruiz v. Astrue, 2010 WL 3766335, at *2 (C.D. Cal. Sept. 15, 2010) (finding no error in ALJ rejecting the treating psychiatrist's opinion as inconsistent with her treatment notes, where the

evidence showed that Plaintiff "was rarely seen by" the psychiatrist, and that the "treatment consisted primarily of medication, which seems to have controlled Plaintiff's depression and anxiety").

Here, Plaintiff's medical records from LADMH indicate that he was diagnosed with depression and prescribed anti-depressants and anti-anxiety medication. When he took the medication, he showed signs of improvement. Yet he failed to consistently continue with his treatment, missing appointments and going off of his medication. See AR 576 (in July 2006, Plaintiff reports having an "excellent and rapid response" to Lexapro); AR 575 (in October 2006, Plaintiff reports that he missed two appointments in July and August "by choice because he felt much better and no longer needed treatment" and that he "unilaterally discontinued Lexapro"); AR 231 (in April 2007, Plaintiff reports daily compliance with his psychotropic medication and that he is "receiving 'a second wind' regarding his emotional capacity to cope"); AR 229 (in September 2007, Plaintiff's file at LADMH is closed because Plaintiff has not been seen since April); AR 303-04 (in February 2009, while incarcerated, Plaintiff is prescribed Zoloft and reports it "is working, in slightly better mood"); AR 343-46 (in August 2009, Plaintiff is examined by Dr. Bagner, an SSA consulting psychiatrist and does not report taking any psychiatric medication); AR 561 (in June 2010, Plaintiff returns to LADMH "requesting urgent medication svcs" because his symptoms are "coming back"); AR 1076 (in October 2010, Plaintiff reports he "feels better in terms of anxiety, meds help"); AR 597 (in December 2010, Plaintiff misses an appointment); AR 999-1003 (in April 2011, Plaintiff asks LADMH to provide paperwork for his Social Security appeal, and a LADMH social worker notes his "hx [history] of poor adherence and compliance with tx [treatment]," noting that "he has difficulty with keeping appointments, usually only seeing psychiatrist for initial medical evaluation and one follow up appointment").

Nguyen is therefore factually distinguishable. Plaintiff is not someone who failed to "recognize that [his] condition reflects a potentially serious mental illness."

Nguyen, 100 F.3d at 1465. Despite multiple diagnoses of depression and favorable treatment outcomes when he took prescribed medication, Plaintiff failed to regularly continue with recommended treatment. See Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."); Fillmore, 2012 WL 298341, at *22; Ruiz, 2010 WL 3766335, at *2. The Court finds no error in the ALJ considering the sporadic and conservative nature of Plaintiff's treatment for depression.

### 3. The Appeals Council did not commit legal error by failing to give specific reasons for rejecting Dr. Shulman's 2015 evaluation.

Plaintiff argues that "the ALJ failed to articulate a legally sufficient rationale to reject the opinion" of Dr. Shulman. (JS at 5.) As noted supra, Dr. Shulman's 2015 opinion was not before the ALJ. To the extent Plaintiff is arguing that the Appeals Council erred by failing to give specific reasons for rejecting Dr. Shulman's 2015 opinion, this was not error.

It is true that an ALJ must give "specific and legitimate reasons" for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Lester, 81 F.3d at 830-31 (citing Murray v. Heckler, 722 F.2d 499, 502 (9th Cir.1983)). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830.

Some Ninth Circuit case law suggested that, in considering a new opinion from a treating physician, the Appeals Council had to give specific reasons for rejecting the opinion, just as an ALJ must. In Ramirez v. Shalala, 8 F.3d 1449 (9th Cir. 1993), the Ninth Circuit found: "Neither the ALJ nor the Appeals Council gave *any* reason— let alone a 'specific, legitimate reason' based on substantial evidence—for disregarding [a treating physician's] diagnosis…." Id. at 1453. District courts subsequently "applied Ramirez to impose on the Appeals Council the same

12

requirements for rejecting newly submitted medical opinions as the courts impose on ALJs for rejecting previously submitted medical opinions." Warner v. Astrue, 859 F. Supp. 2d 1107, 1114 (C.D. Cal. 2012) (collecting cases).

More recently, however, the Ninth Circuit noted:

> Contrary to the Commissioner's assertion, [the plaintiff] is not effectively asking for a "ruling that the Appeals Council must provide [a] detailed rationale whenever faced with new evidence." If he were, [the plaintiff's] request would be barred by Gomez v. Chater, where we held that "the Appeals Council [was] not required to make any particular evidentiary finding" when it rejected evidence from a vocational expert obtained after an adverse administrative decision. 74 F.3d 967, 972 (9th Cir. 1996).

Taylor, 659 F.3d at 1232. "The Taylor decision thus calls into serious question whether District Courts in the Ninth Circuit should continue to impose on the Appeals Council the same requirements for rejecting newly submitted medical opinions as the court impose on ALJs for rejecting previously submitted medical opinions." Warner, 859 F. Supp. 2d at 1115.

Following Taylor, district courts have held that the Appeal Council's failure to give specific and legitimate reasons for rejecting a treating physician's opinion is not necessarily reversible error. See Palomares v. Astrue, 887 F. Supp. 2d 906, 915-16 (N.D. Cal. 2012) ("[T]he Appeals Council is not required to give specific and legitimate reasons for its rejection of a treating physician's evidence when it does not review the ALJ's decision. Accordingly, … the sufficiency of the Appeals Council's perfunctory explanation for the rejection of Dr. Ho's opinion will not be considered as a grounds for reversal."); Coleman v. Astrue, 2012 WL 987735, at *9 (S.D. Cal. Feb. 14, 2012) ("As recognized in Taylor, Gomez precludes a court from establishing a rule requiring the Appeals Council to make detailed findings when presented with new evidence. This also comports with the role of the reviewing court."). Instead,

13

the district court reviews the record as a whole, including the evidence provided to the Appeals Council, to determine whether the Commissioner's decision to deny benefits is supported by substantial evidence. See Brewes, 682 F.3d at 1163; Warner, 859 F. Supp. 2d at 1115; Palomares, 87 F. Supp. 2d at 916.

Accordingly, the Appeals Council's failure to give specific reasons for rejecting Dr. Shulman's 2015 opinion was not legal error.

### 4. The Commissioner's failure to give Dr. Shulman's opinion controlling weight, even if error, was harmless.

Plaintiff argues that the opinion of consulting physician Dr. Bagner was improperly given more weight than treating physician Dr. Shulman's because: (1) he was an examining doctor rather than a treating doctor, and (2) because his 2009 opinion was out-of-date compared to Dr. Shulman's 2015 opinion, failing to take into account Plaintiff's treating history between 2009 and 2015. (JS at 10.) Even if it was error for the Commissioner to rely on Dr. Bagner's opinion rather than Dr. Shulman's, any error was harmless.

Dr. Shulman first examined Plaintiff in July 2010, and had approximately bimonthly visits with him in December 2014 (although Plaintiff missed some appointments, as discussed supra). The evaluation at issue was conducted on February 2, 2015. AR 1244-46. This was after the second ALJ hearing, but before the ALJ issued his decision. AR 667-88, 689-731.

Dr. Shulman did not opine that Plaintiff was totally disabled and unable to perform any work. In fact, she found that Plaintiff was "able to maintain and perform most present daily activities"; was "able to understand written and oral instructions"; that his "cognitive function [was] unimpaired"; that he reported his "memory [was] pretty good"; and that he was "generally oriented in all spheres." AR 1245.

The limitations that Dr. Shulman did note—mainly concerning social interactions—were factored into the ALJ's RFC finding. Her opinions that Plaintiff has "a low stress tolerance to work activities that require multiple directions" and has

"difficulty relaying information to others," AR 1245, are consistent with the ALJ's finding that Plaintiff should be limited to simple repetitive tasks. AR 674. Her opinion that Plaintiff "isolates due to his mood which may impair his attendance," AR 1245, is consistent with the ALJ's finding that Plaintiff may be absent from work once a month due to his conditions. AR 674. The ALJ reasoned, "Although the undersigned did not find that the claimant would have difficulty with attention/concentration on an 'occasional' basis per se, he has been limited to simple and repetitive tasks in recognition of likely impairment-related difficulty sustaining the concentration required to perform detailed tasks on a consistent basis." AR 679.

Accordingly, the Commissioner's failure to give Dr. Shulman's opinion controlling weight, even assuming it was error, was harmless because it was "inconsequential to the ultimate nondisability determination." Stout, 454 F.3d at 1055; see Byrne v. Colvin, 2015 WL 2062621, at *8 (N.D. Cal. May 4, 2015) ("The rejection of the treating physician's opinion was not harmless because the RFC … would have included additional limitations had the ALJ credited the treating physician's opinion."); Aukerman v. Colvin, 2015 WL 4607427, at *12 n.19 (C.D. Cal. July 31, 2015) ("The ALJ also erred in assessing the opinions of examining orthopedist… and the state-agency physicians…. Because these doctors found fewer limitations than were included in Plaintiff's RFC, however, any error was not prejudicial."); Kreft v. Astrue, 2008 WL 4346788, at *6 (C.D. Cal. Sept. 22, 2008) (finding that, because "the impairments noted by [plaintiff's treating physician were] incorporated into and consistent with the ALJ's residual functional capacity determination[,] … any error by the ALJ in not expressly discussing each of [the physician's] discrete findings was harmless.").

**B.** **Issue Two: Whether the ALJ's finding that Plaintiff was able to perform sedentary, unskilled occupations was supported by substantial evidence in light of the finding that Plaintiff would likely be absent once a month.**

### 1. The ALJ's findings and testimony of the VE.

The ALJ found that Plaintiff retained the RFC to lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; stand and/or walk a total of 2 hours in an 8-hour workday; sit up to 6 out of 8 hours; never climb ladders, ropes or scaffolds; only occasionally kneel, stoop, crouch, and crawl; and limited to simple, repetitive tasks. AR 674. The ALJ further found that Plaintiff would "likely be absent once a month as a result of his condition(s)." AR 674. The ALJ nevertheless concluded that Plaintiff could perform sedentary occupations such as a machine operator, document preparer, and small parts assembler. AR 680.

At the hearing, the ALJ posed a hypothetical to the VE utilizing the RFC that the ALJ ultimately determined and elicited the following testimony:

> Q  With that profile the past work is out, right?
>
> A  Correct, your honor.
>
> Q  Would there be jobs – other jobs existing in the national economy that would fit that profile? If so, would you give me, please, the names and numbers?
>
> A  *You know, I believe, with the one day of absenteeism every month if that were to be continuous I think that would eventually jeopardize employment.*
>
> Q  But if it didn't would there be jobs?
>
> A  Yes. Jobs that would meet the hypothetical would include the position of machine operator, the DOT number is 585.685-062 …. Also the position of document preparer, the DOT number is 249.587-018 …. Also the position of small parts assembler, the DOT number is 715.684-026 …. They're all sedentary … [with an] SVP of 2 ….

16

1    AR 724-25 (emphasis added).

2        The ALJ's decision did not discuss the VE's testimony that one day of absenteeism per month would eventually jeopardize employment. AR 680. To the contrary, the ALJ's decision states: "The [VE] testified that given all of these factors the individual would be able to perform the requirements of representative unskilled (SVP 2) sedentary occupations such as machine operator (DOT 585.685-062) (3,000 positions in the national economy); document preparer (DOT 249.587-018) (64,000 positions nationally); and small parts assembler (DOT 715.684-026) (8,343 positions nationally)." AR 680.

### 2. Analysis.

    The Commissioner argues that "substantial evidence supports the ALJ's interpretation of the VE's testimony" because "[t]he question is whether a claimant 'is able to do any other work.' The Social Security Administration is not an employment agency, and it does not guarantee that a claimant will receive a job if they apply, nor that they will be successful at that job. … The ALJ reasonably interpreted the VE's testimony as yes, Plaintiff had the RFC necessary to be 'able to do [] other work.'" (Dkt. 31 at 3-4.) Plaintiff responds, "The issue in a Social Security case is not whether someone has the [RFC] to get work; … the issue is whether an individual can maintain work activity over a period of time within a particular category of exertion." (Dkt. 34 at 2.) The Court agrees with Plaintiff.

    The Social Security Act provides than an individual is disabled "if he is unable to engage in any *substantial gainful activity* by reason of any medically determinable physical or mental impairment … which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A) (emphasis added). The Ninth Circuit has held that "substantial gainful activity means more than merely the ability to find a job and physically perform it; it also requires the ability to hold the job for a significant period of time." Gatliff v. Comm'r of SSA, 172 F.3d 690, 694 (9th Cir. 1999). "Where it is established that the claimant can hold

a job for only a short period of time, the claimant is not capable of substantial gainful activity." Id. (holding that the plaintiff was not capable of substantial gainful activity where he was incapable of sustaining employment for a period longer than approximately two months). Similarly, Social Security regulations state that the RFC assesses the ability "for work activity on *a regular and continuing basis*." 20 C.F.R. § 404.1545(b)-(c) (emphasis added). Social Security Ruling ("SSR") 96-8p states that a regular and continuing basis "means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 SSR LEXIS 5, at *1.

Given the VE's testimony that monthly absences by Plaintiff would jeopardize continuous employment, the Court cannot say that substantial evidence supported the ALJ's finding that Plaintiff was not disabled. The VE only testified that Plaintiff could perform the sedentary, unskilled jobs at issue after the ALJ asked the VE to assume that absenteeism would not jeopardize continued employment. Yet there is no record evidence to support this assumption.

If additional proceedings can remedy defects in the original administrative proceeding, a Social Security case usually should be remanded. Garrison v. Colvin, 795 F.3d 995, 1019 (9th Cir. 2014). Here, further proceedings should be conducted so that the ALJ can develop the vocational record, specifically with regard to how Plaintiff's absenteeism affects his ability to work on a regular and continuing basis.

**C.    Issue Three: Whether the ALJ erred by failing to specifically analyze whether Plaintiff's drug addiction or alcoholism was a contributing factor material to the determination of disability.**

"[A]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 1382c(a)(3)(J). Social Security regulations provide, "If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a

contributing factor material to the determination of disability." 20 C.F.R. § 404.1535(a). The Commissioner has interpreted this statute and regulation as requiring a materiality finding only when the ALJ "find[s] that the claimant is disabled considering all impairments, including the" drug addiction and/or alcoholism. SSR 13-2p, 2013 SSR LEXIS 2, at *9-10; Bustamante v. Massanari, 262 F.3d 949, 955 (9th Cir. 2001) ("If the ALJ finds that the claimant is not disabled under the five-step inquiry, then the claimant is not entitled to benefits and there is no need to proceed with the analysis under 20 C.F.R. §§ 404.1535.").

The ALJ found that Plaintiff had a "history of polysubstance dependence" and that this was a severe impairment. AR 672. Because the ALJ ultimately concluded that Plaintiff was not disabled, the Court finds no error in the ALJ's failure to conduct an analysis under the above regulations. However, if on remand the ALJ determines that Plaintiff is disabled, the ALJ shall consider whether the history of polysubstance dependence is a contributing factor material to the finding of disability.

## V.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that judgment shall be entered REVERSING the decision of the Commissioner denying benefits and REMANDING this case for further proceedings consistent with this opinion.

DATED: March 21, 2017

_____
KAREN E. SCOTT
United States Magistrate Judge